UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| SHANNON D. MILLS, | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) No.   1:13-cv-57 |
| | ) *Judge Curtis L. Collier* |
| OFFICER JAMES DAVIS, | ) |
| JUDGE LILA STATOM,[1] | ) |
| ATTORNEY JOHN WYSONG; | ) |
| | ) |
| *Defendants.* | ) |

## MEMORANDUM

Shannon D. Mills ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 1) and a motion to proceed *in forma pauperis* (Court File No. 4). Plaintiff brings suit against Chattanooga, Tennessee Police Officer James Davis ("Officer Davis"), Hamilton County, Tennessee General Session Court Judge Lila Statom ("Judge Statom"), and Attorney John Wysong ("Attorney Wysong"). Plaintiff claims Officer Davis arrested him for aggravated domestic assault on February 6, 2013 without probable cause; counsel ineffectively represented him during the preliminary hearing; and his case was bound over to the grand jury and bond was set at $45,000.00 on the basis of racial discrimination.

Plaintiff requests the Court to investigate the judge for racial discrimination, have his charge dismissed, take Attorney Wysong's license from him, and order Officer Davis to pay him $1,000.00 for each day he is incarcerated.

---

[1]   Plaintiff incorrectly spelled the name of Hamilton County, Tennessee General Sessions Court Judge Lila Statom. *See* http://www.hamiltontn.gov/courts/sessions/ (last visited May 13, 2014). The Court has corrected the spelling of the judge's name and **DIRECTS** the Clerk to do so on the Court's CM/ECF docket.

For the reasons discussed below, Plaintiff's complaint will be **DISMISSED WITH PREJUDICE** *sua sponte* for failure to state a claim upon which relief may be granted (Court File No. 1), and his motion proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 4).

I.      **APPLICATION TO PROCEED** *IN FORMA PAUPERIS*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff, that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Thus, his motion is **GRANTED IN PART** and **DENIED IN PART** (Court File No. 4). Plaintiff's motion is **GRANTED** to the extent he does not have to *initially* pay the full $350.00 filing fee and **DENIED** to the extent that he is not relieved of the ultimate responsibility of paying the full $350.00 filing fee, but instead, will pay the full fee as assessed. Since Plaintiff is a prisoner in custody at CCA-Silverdale Detention Center, he is **ASSESSED** the full civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

  (a)   twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

  (b)   twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly

2

income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and judgment to the Warden of CCA-Silverdale Detention Center, the Custodian of Records at the CCA-Silverdale Detention Center, the Commissioner of the Tennessee Department of Corrections, the State Attorney General, and the Court's Financial Deputy to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff shall collect the filing fee as funds become available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff is also **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II. SCREENING

The Court screens the complaint to determine whether it should be dismissed as frivolous, malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. When performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.

When the Court screens the complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A to determine whether it should be dismissed as frivolous or for failure to state a claim, it applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Fridman v. City of New York,* 195 F. Supp.2d 534, 538 (S.D. N.Y. 2002) ("The standard for dismissal of an action or appeal taken *in forma pauperis* is identical to the standard for dismissal on a motion made pursuant to Fed. R. Civ. P. 12(b)(6)"). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id*. (Internal punctuation and citations omitted).

During the screening process, the Court is mindful that where a deficiency in the complaint is able to be cured, Plaintiff shall be permitted to amend his complaint to cure such deficiency. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) (holding a district court can allow a plaintiff to

4

amend his complaint even when the complaint is subject to dismissal under the PLRA). However, leave to amend is not required where a deficiency cannot be cured. *Id.* at 951 (remanding some claims for district court to determine, in its discretion, whether to allow LaFountain to amend any of those claims).

## III. FACTS

Plaintiff was arrested by Officer Davis on February 6, 2013, for aggravated domestic assault. Plaintiff claims the victim denied an assault occurred, but Officer Davis said he saw the assault through a window. On February 15, 2013, at the preliminary hearing two witnesses testified Plaintiff "never hit or [indecipherable word] [his] girlfriend." Officer Davis testified he saw the assault through the window. Plaintiff, however, asserts the home-owner testified the window was covered with plastic and a blanket (Court File No. 1).

At the conclusion of the preliminary hearing, Judge Statom bound Plaintiff's case over to the grand jury and set his bond at $45,000.00. Plaintiff asserts Judge Statom's rulings were based on racial discrimination (i.e., because he is black and his girlfriend is white). Plaintiff complains that Attorney Wysong ineffectively represented him during the preliminary hearing (Court File No. 1).

## IV. ANALYSIS

### A.    42 U.S.C. § 1983

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the

5

defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997).

### B. Identity of Defendants

#### 1. *Attorney John Wysong*

Plaintiff claims Attorney John Wysong ineffectively represented him during his aggravated domestic assault preliminary hearing in the Hamilton County Sessions Court in Chattanooga, Tennessee. The Court is unable to determine whether counsel was appointed or hired by Plaintiff to represent him during his preliminary hearing on his aggravated domestic assault charge in Sessions Court. Nevertheless, neither a private attorney nor a court-appointed attorney acts under color of state law; thus neither is suable in a § 1983 action.

A court-appointed attorney, like any retained counsel, serves his client. Apparently Plaintiff is of the impression that an attorney representing a client in the defense of a criminal charge in state court is acting under color of state law, within the meaning of 42 U.S.C. § 1983. Plaintiff cites no authority and the Court does not find any which supports this view. To the contrary, courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law. *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (attorney appointed by federal court is not a federal officer for purposes of a *Bivens*-type action); *United States ex rel. Simmons v. Ziblich*, 542 F.2d 259 (5th Cir. 1976) (A court-appointed defense attorney acting in a criminal case does not act under color of state law because no state action exists.).

The United States Supreme Court has held "a public defender does not act under color of

state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *West v. Atkins*, 487 U.S. 42, 49 (1988), (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Attorney Wysong, whether a public defender or a private attorney, is not suable in a § 1983 action because an attorney, whether retained or appointed by the court, does not act under color of state law for purposes of § 1983. *James v. Mann,* 234 F.3d 1268 (6th Cir. 2000), *available at* 2000 WL 1679505, *2 ("James's retained attorney was not a person acting under color of state law so as to be subject to suit under § 1983); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (A private attorney does not act under color of state law despite the fact he was appointed by the court). As the Supreme Court has observed, "[a] criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State[] . . . and when representing an indigent defendant in a state criminal proceeding," *West v. Atkins*, 487 U.S. at 50. A criminal lawyer does not act under color of state law for purposes of § 1983 because, regardless of whether counsel is retained or appointed by the State, he is the State's adversary and not acting on the State's behalf. Thus, Attorney Wysong was not transformed into a state official acting under color of state law for purposes of § 1983 because he did not act on the government's behalf; he was the government's adversary.

In summary, the Court concludes Plaintiff has failed to set forth any claims or facts entitling him to relief under 42 U.S.C. § 1983 on this claim against counsel. Attorney Wysong did not act under color of state law, and, therefore, Plaintiff has failed to state a claim under 42 U.S.C. §1983.

Accordingly, since the professional acts performed by Plaintiff's counsel cannot be considered acts done under color of state authority, his claims against counsel lacks an arguable basis in law and will be **DISMISSED WITH PREJUDICE** *sua sponte* as frivolous, *see Neitzke v.*

7

*Williams*, 490 U.S. 319, 326 (1989), and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1915A and 1915(e).

        2.     *Judge Lila Statom*

Plaintiff has failed to identify in what capacity he has sued Hamilton County General Sessions Court Judge Lila Statom ("Judge Statom"). The complaint does not indicate whether she is being sued in her official capacity, individual capacity, or both. Nevertheless, as the Court discerns the complaint, Plaintiff is claiming Judge Statom bound his case over to the grand jury and set his bond at $45,000.00 on the basis of racial discrimination.

        a.     <u>Official Capacity</u>

Because Plaintiff failed to identify in what capacity he has sued Sessions Court Judge Statom, she is presumptively sued in her official capacity. *See Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989).

Under Tennessee law, Judge Statom, in her capacity as a Sessions Court Judge, is an employee of Hamilton County. *Tucker v. Tennessee,* 2005 WL 1922561, 1-2 (W.D. Tenn. 2005) (thorough discussion of Tennessee law explaining general session judges are county and not state employees). To state a claim against a municipality, a plaintiff must claim the municipality caused a constitutional tort through "a policy, statement ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690 (1978). Local governments also "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91. Because Plaintiff has not alleged that a Hamilton County Government policy, practice, or custom was the

8

cause of the alleged racial discrimination that resulted in him being bound over the grand jury and his bond being set at $45,000.00, these claims will be **DISMISSED WITH PREJUDICE** for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

Although it appears Plaintiff only sued Judge Statom in her official capacity, even presuming for the sake of discussion Plaintiff is attempting to sue Judge Statom in her individual capacity, the judge is entitled to judicial immunity for the reasons explained below.

        b.        Individual Capacity

The Court discerns Plaintiff claims Judge Statom engaged in racial discrimination when she bound his aggravated domestic assault charge over to the grand jury and set his bond at $45,000.00 (Court File No. 2). Initially the Court observes Plaintiff has provided absolutely no evidence indicating Judge Statom engaged in racial discrimination while presiding over his preliminary hearing. Nevertheless, assuming for the sake of discussion that Plaintiff has stated a constitutional violation, the Court concludes Judge Statom is entitled to judicial immunity because the allegations against her are based on judicial acts that occurred during Plaintiff's criminal proceedings in sessions court.

Under the doctrine of judicial immunity, Judge Statom has absolute immunity from suit both from money damages and injunctive relief for her judicial acts. *Bradley v. Fisher*, 80 U.S. 335 (1871) (judicial officials are exempt from civil action for judicial acts); *see also Butz v. Economou*, 438 U.S. 478 (1978) *Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003). Judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980).

Judicial immunity is an immunity from suit, not just immunity from the assessment of money

9

damages. *Mireles*, 502 U.S. at 11. Because a plaintiff's allegations of bad faith, malice, or corruption against a judge cannot overcome absolute judicial immunity from suit, a judge is entitled to have a suit accusing him or her of acting in bad faith, maliciously, or corruptly dismissed on the basis of judicial immunity. *Mireles*, 502 U.S. at 11.

Judicial immunity from suit can be overcome in two situations, neither of which is applicable to Plaintiff's complaint. A judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978).

Judge Statom did not act in "clear absence of all jurisdiction." *Id.* at 357 (internal punctuation and citation omitted). Plaintiff complains about Judge Statom's conduct during his preliminary hearing in his aggravated domestic assault case, i.e., actions taken in her judicial capacity as the presiding judge at Plaintiff's preliminary hearing in his underlying criminal case. Therefore, neither of these exceptions to judicial immunity is applicable because the alleged acts of Judge Statom in Plaintiff's criminal case were judicial acts taken in the course of her judicial capacity and were not committed in the complete absence of all jurisdiction.

In sum, presiding over Plaintiff's preliminary hearing is within the scope of Judge Statom's jurisdiction and is judicial in nature. There is no allegation, nor does the Court find anything in the record to show, that Judge Statom acted in the clear absence of jurisdiction. Therefore, Judge Statom is absolutely immune from this civil suit. Since Judge Statom presided over Plaintiff's preliminary hearing, any alleged claim arising from the exercise of that judicial function is barred by absolute immunity from suit under § 1983. Plaintiff's complaint against Judge Statom fails to

10

state a claim upon which relief may be granted. Accordingly, Plaintiff's complaint against Judge Statom must be

**DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

      3.      <u>*Officer James Davis*</u>

Plaintiff seemingly alleges Officer James Davis ("Officer Davis") arrested him without probable cause because, according to Plaintiff, the victim denied that an assault occurred.[2] Plaintiff has failed to identify in what capacity he has sued Officer Davis. The complaint does not indicate whether Officer Davis is being sued in his official capacity, individual capacity, or both. Nevertheless, for the reasons explained below, Officer Davis is entitled to judgment as a matter of law in both his official and individual capacities.

      a.      <u>Official Capacity</u>

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied,* 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd,* 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his

---

[2]     Because Plaintiff does not claim the criminal case ended in his favor, this claim is not construed as a malicious prosecution claim.

individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the

governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

A claim against Officer Davis in his official capacity is treated as an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because Officer Davis has been sued in his official capacity as an employee of the Chattanooga Police Department, the Court must proceed as if Plaintiff has in fact sued the City of Chattanooga. Therefore, in order to prevail, Plaintiff must demonstrate the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the City of Chattanooga. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, the City of Chattanooga--caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the city itself, and show that the particular injury was incurred because of the execution of that policy. All of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiff does not allege that the violation of his rights resulted from any policy or custom on the part of the City of Chattanooga. Plaintiff has neither alleged nor presented any evidence the

12

City of Chattanooga had an official policy of allowing its police officers to arrest individuals without probable cause. Likewise, Plaintiff does not allege or present any evidence of an unofficial policy that, although not formally adopted by City officials, is a widespread practice "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell,* 436 U.S. 691. Plaintiff's failure to properly allege that the purported violations of his constitutional rights resulted from acts representing a policy or custom adopted by the City of Chattanooga, has resulted in his failure to state a constitutional violation. Therefore, to the extent Officer Davis is sued in his official capacity, he is entitled to judgment as a matter of law, and this claim will be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

        b.      <u>Individual Capacity</u>

For the sake of discussion, the Court presumes Plaintiff also sues Officer Davis in his individual capacity alleging he lacked probable cause to arrest him because his girlfriend denied Plaintiff assaulted her. In order to determine whether Plaintiff's arrest was constitutional under the Fourth Amendment, the Court must decide whether probable cause existed for the arrest. The Sixth Circuit has explained, "[p]robable cause is reasonable grounds for belief, supported by less than *prima facie* proof but more than mere suspicion. The Fourth Amendment does not require that a police officer *know* a crime has occurred at the time the officer arrests or searches a suspect. The Fourth Amendment, after all, necessitates an inquiry into probabilities, not certainty." *United States v. Richardson,* 40 Fed. Appx. 7, 5 (6th Cir. 2002), *available at* 2002 WL 261824 (internal punctuation and citations omitted) (emphasis in original).

In Plaintiff's case, the question of probable cause was answered at his preliminary hearing

13

in Hamilton County General Sessions Court when Judge Statom found probable cause to bind his case over to the grand jury. "A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. Of Educ.,* 465 U.S. 75, 81 (1984). In determining whether Plaintiff is collaterally estopped from litigating the probable cause issue alleged in his complaint, this Court must apply Tennessee law. *McKinley v. City of Mansfield,* 404 F.3d 418, 428 (6th Cir. 2005). Tennessee courts apply collateral estoppel when the following is demonstrated:

> (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Mullins v. State*, 294 S.W. 3d 529, 535 (Tenn. 2009).

Sixth Circuit law instructs that where "the state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action." *Smith v. Thornburg,* 136 F.3d 1070, 1077 (6th Cir. 1998); *see also Autrey v. Stair,* 512 Fed. Appx. 572, 582 (6th Cir. 2013) (plaintiff was precluded from relitigating probable-cause determination made at preliminary hearing). Here, the probable cause issue before the Court is identical to the probable cause issue at the preliminary hearing. As explained below, the issue was raised, litigated, and decided on the merits and was final when the general sessions court judge found probable cause to bind the case over to the grand jury. Plaintiff was the defendant in the preliminary hearing proceeding and his complaint reflects he had a full and fair opportunity

14

to litigate the issue during the preliminary hearing.

According to Plaintiff's complaint, in the instant case a preliminary hearing was held in the Hamilton County General Sessions Court on February 15, 2013. At that hearing, Plaintiff was represented by Attorney Wysong and several witnesses testified. At the hearing "[b]oth witnesses said [Plaintiff] never hit or [indecipherable word] [his] girlfriend witch [sic] the police officer said that he seen [sic] [Plaintiff] do threw [sic] a window. But the home owner said that she has a blanket over her window and foam plctis [sic] that can't be seen threw [sic]." Despite the testimony, the court ruled that probable cause existed to bind over the aggravated domestic assault charge to the grand jury. Consequently, all of the factors weigh in favor of finding that collateral estoppel applies to bar Plaintiff from relitigating herein the same issue decided during his preliminary hearing.

Thus, because the Sixth Circuit has held that plaintiffs are collaterally estopped from contesting probable cause determinations following Tennessee court preliminary hearings when such a hearing affords the accused an opportunity to contest probable cause, and Plaintiff had the opportunity to contest probable cause at the preliminary hearing, the general sessions court's finding that probable cause existed forecloses relitigation of the issue in this case. *See Molna v. Care House,* 359 Fed. Appx. 623 (6th Cir. 2009) (plaintiff collaterally estopped from challenging state court's probable cause determination at preliminary hearing during federal case); *Smith v. Buttry,* 111 Fed. Appx. 372, 374 (6th Cir. Sept. 7, 2004) (preliminary "hearing is a binding collateral estoppel to . . . claims of false arrest and false imprisonment").

Therefore, Plaintiff is collaterally estopped from challenging the general session court's probable cause determination. Accordingly, to the extent Officer Davis is sued in his individual capacity he is entitled to judgment as a matter of law, and this claim will be **DISMISSED WITH**

15

**PREJUDICE** for failure to state a claim.

## V. CONCLUSION

In light of the above law and analysis, this case will be **DISMISSED WITH PREJUDICE** *sua sponte* for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915A and 1915(e) (Court File No. 1). Had Plaintiff stated an arguable § 1983 claim, the Court would have granted him time to amend his complaint, but since the noted deficiencies are not remediable by amendment, it would be futile to do so. *LaFountain v. Harry,* 716 F.3d 944 (6th Cir. 2013).

Accordingly, an appropriate judgment order will enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**